UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| VALERIE PALMIERI, *individually and on behalf of all others similarly situated*, et al., | : <br> : <br> : Civil Action No. 19-22024 (JXN) (AME) <br> : |
| Plaintiffs, | : OPINION |
| v. | : |
| INTERVET INC., *doing business as* MERCK ANIMAL HEALTH, *a subsidiary* of MERCK & CO., INC., | : <br> : <br> : |
| Defendants. | : |

**NEALS**, District Judge:

This matter comes before the Court on Defendant Intervet, Inc. *d/b/a* Merck Animal Health's ("Defendant's") motion to dismiss and strike class allegations in Plaintiffs Valerie Palmieri ("Palmieri"), Diane Gordon ("Gordon"), Teri Ippolito ("Ippolito"), Patti Mastric ("Mastric"), Gayle Moraski ("Moraski"), Holly Reeves ("Reeves"), and Amy Tucker's ("Tucker") (collectively, the "Plaintiffs'") second amended class action complaint (ECF No. 49) (the "Second Amended Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 58). Plaintiffs opposed (ECF No. 67), and Defendant replied. (ECF No. 72). Jurisdiction is proper pursuant to 28 U.S.C. §§ 1332(d) and 1367. Venue is proper pursuant to 28 U.S.C. § 1391(c). The Court has carefully considered the parties' submissions and decides this matter without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b).

For the reasons set forth below, Defendant's motion to dismiss (ECF No. 58) is **GRANTED**; Plaintiffs' Second Amended Complaint (ECF No. 49) is **DISMISSED** without

prejudice, and Plaintiffs' request for leave to amend is **GRANTED**. Plaintiffs have 30 days to file an amended complaint that is consistent with this Opinion.

## I. BACKGROUND[1]

Plaintiffs reside in Connecticut, Florida, Illinois, New York, and Texas, and purchased "Bravecto" in 2015 to 2018. (SAC ¶¶ 19-25). Plaintiffs bring this putative class action against Defendant for injuries sustained in treating ticks and fleas in their dogs with Bravecto. (*Id.* ¶ 28).[2]

"Defendant advertises and markets Bravecto directly to" Plaintiffs and consumers "nationally as a safe chewable tablet for dogs or a topical application that prevents and kills ticks and fleas for up to three months . . . ." (*Id.* ¶ 3). However, "[b]ecause of the method by which [Bravecto] kills insects," it "presents a risk of neurological toxicity" when ingested. (*Id.* ¶ 4). Defendant "failed to adequately disclose" the "significant risk of neurological toxicity" before Plaintiffs purchased Bravecto. (*Id.* ¶¶ 4-5).

Defendant knew of Bravecto's "adverse neurological risks" due to: (1) the way Bravecto is taken—Bravecto is "ingested or applied to animals and absorbed into their blood stream in order to penetrate nervous systems and cause death of insects[;]" and (2) consumer complaints—"consumers issued numerous complaints concerning neurological adverse reactions following use of Bravecto since it was released to the market in 2014" to 2018. (*Id.* ¶ 29). Despite this, Defendant "misrepresented Bravecto as a safe and effective flea and tick product" and thus, injuring Plaintiffs. (*Id.* ¶¶ 30, 53).

---

[1] The following factual allegations are taken from the Second Amended Complaint that are accepted as true. *Sheridan v. NGK Metals Corp.,* 609 F.3d 239, 262 n.27 (3d Cir. 2010).
[2] A more detailed background is provided in United States District Judge John Vazquez's (ret.) June 1, 2021 opinion (ECF No. 41) (the "Vazquez Opinion").

## II.	PROCEDURAL HISTORY

On December 27, 2019, Plaintiffs filed their initial complaint. (ECF No. 1). On February 28, 2020, Defendant moved to dismiss. (ECF No. 19). On July 2, 2020, Plaintiffs filed their first amended complaint alleging 10 claims. (ECF No. 31) (the "First Amended Complaint"). On August 18, 2020, Defendant moved to dismiss and Plaintiffs opposed. (ECF Nos. 33-35).

On June 1, 2021, Judge Vazquez granted in part and denied in part Defendant's motion to dismiss. (*See* Vazquez Op.; Judge Vazquez's June 1, 2021 Order (ECF No. 42) ("Vazquez Order")). Judge Vazquez dismissed without prejudice: (i) Counts One and Two as time-barred as to Gordon; (ii) Counts Three, Nine, and Ten as subsumed under the New Jersey's Products Liability Act, N.J.S.A. 2A:58C-2, *et seq.* (the "Products Liability Act"); (iii) Count Four for Plaintiffs' failure to allege that their injury was caused by Defendant's misrepresentations and/or omissions; (iv) Counts Five and Six as time-barred; and (v) Count Eight because Plaintiffs neither alleged detrimental reliance nor that Defendant's actions or omissions were a substantial factor in injuring Reeves. (Vazquez Op at 11-14, 21-23, 30-32, 37-39).[3]

On June 30, 2021, this matter was reassigned to this Court. (ECF No. 48). On July 1, 2021, Plaintiffs filed the Second Amended Complaint alleging the following 12 claims as to all Plaintiffs[4]: (1) breach of express warranty (Count One); (2) breach of implied warranty (Count Two); (3) violation of New Jersey's Consumer Fraud Act, N.J.S.A. 56:8-2 (Count Three); (4) violation of the Products Liability Act (Count Four); (5) violation of Connecticut's Unfair Trade Practices Act, C.G.S.A. § 42-110g, *et seq.*, as to Palmieri and Moraski (Count Five); (6) violation of Illinois' Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.*, as to Gordon (Count Six); (7) violation of Illinois' Uniform Deceptive Trade Practices Act, 815 ILCS

---

[3] The Court refers to the ECF page numbers.
[4] Counts Five to Ten are alleged against individual Plaintiffs.

510/1, *et seq.*, as to Gordon (Count Seven); (8) violation of New York's General Business Law, N.Y. Gen. Bus. Law §§ 349, *et seq.*, as to Tucker (Count Eight); (9) violation of Texas Deceptive Practices—Consumer Protection Act, Texas Bus. & Com. Code §§ 17.41, *et seq.*, as to Reeves (Count Nine); (10) violation of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.203(7) as to Ippolito and Mastric (Count Ten); (11) failure to warn (Count Eleven); and (12) unjust enrichment (Count Twelve).

On September 2, 2021, Defendant filed the pending motion to dismiss. On October 21, 2021, Plaintiffs filed their opposition. On November 18, 2021, Defendant replied. Defendant's motion to dismiss is now ripe for consideration.

### III.      **LEGAL STANDARD**

Rule 8 requires that a pleading include "a short and plain statement of the claim showing that the pleader is entitled to relief" and provide the defendant with "fair notice of what the claim is and the grounds upon which it rests[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation and internal quotations and ellipses omitted). However, greater specificity is required when pleading fraud claims. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). *Ibid.* A complaint will survive a motion to dismiss if it provides a sufficient factual basis to state a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### IV.      **DISCUSSION**

Defendant contends that Counts Three, Four, Ten, and all claims associated with Ippolito and Mastric should be dismissed because the Vazquez Order did not permit Plaintiffs to allege new claims or add new parties. ((ECF No. 58-1) ("Def.'s Br.") at 18-19). Plaintiffs oppose. ((ECF No. 67) ("Pls.' Opp." at 16-18)). The Court agrees, but grants leave to amend.

As to the pleading amendments, Plaintiffs contend that "the Pretrial Scheduling Order entered by the Court permits the parties 'to amend the pleadings and/or add new parties' until June 22, 2022." (Pls. Opp. at 17). Plaintiffs purportedly cite Magistrate Judge André Espinosa's June 22, 2021 Pretrial Scheduling Order (ECF No. 47) (the "Pretrial Scheduling Order"), however, the Order states in relevant part:

> **Motions to Amend Pleadings and/or Add New Parties**. Any subsequent motions to amend the pleadings and/or add new parties must be filed no later than **June 30, 2022**.

(Pretrial Scheduling Order, ¶ 3).

In filing the Second Amended Complaint on July 1, 2021 as required (*see id.* ¶ 2), Plaintiffs did not file a motion to amend the pleading and/or add new parties prior to doing so. Further, in granting in part Defendant's previous motion to dismiss, Judge Vazquez allowed Plaintiffs to file an amended pleading "as to the Counts dismissed without prejudice" only. (Vazquez Ord. at 2).

The Second Amended Complaint's additional claims and newly named parties fall outside the Vazquez Order, which is basis to dismiss the pleading. *See In re Chemed Corp.,* No. 13-1854, 2017 WL 1712530, at *13 (D. Del. Apr. 25, 2017) ("When a court grants a party leave to amend for a specific purpose, and that party files a proposed amended complaint that exceeds the bounds of what was permitted, courts routinely dismissed the excess counts or claims.") (citations omitted). Indeed, where, like here, Plaintiffs "exceed[] the scope of the Court's leave to amend[] it is true that courts have discretion to reject and dismiss an amended complaint that exceeds the allowed scope." *O'Reilly Plumbing and Const., Inc. v. Lionsgate Disaster Relief, LLC*, No. 19-24, 2024 WL 2774942, at *5 (D.V.I. May 29, 2024) (internal quotation marks, brackets, and citations omitted). To be sure, the face of the Vazquez Order confirms that the court "specif[ied] that Plaintiff[s] could only amend certain claims." *Marshall v. Verde Energy USA, Inc.*, No. 18-

1344, 2020 WL 5905072, at *3 (D.N.J. Oct. 5, 2020). Thus, the Court disagrees with Plaintiffs' assertion that *Aetna, Inc. v. Whatley Kallas, LLP*, No. 18-2172, 2019 WL 1437916, at *7 (E.D. Pa. Mar. 29, 2019) provides authority for the pleading to stand as is and finds its holding inapposite to the instant case. Accordingly, the Second Amended Complaint is dismissed without prejudice.

However, leave to amend is granted to allow Plaintiffs the opportunity to allege Counts Three, Four, Ten, and the claims related to Ippolito and Mastric, as well as address the identified deficiencies. *See Doe v. Division of Youth and Family Services*, 148 F. Supp. 2d 462, 477 (D.N.J. 2001) ("The Third Circuit has adopted a particularly liberal approach to the amendment of pleadings to ensure that a particular claim will be decided on the merits rather than on technicalities.") (internal quotation marks and citations omitted).[5]

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Requests for leave to amend must be made on a motion. L. Civ. R. 15.1(a). While leave was sought in opposition to the motion to dismiss and not a formal motion, which the Court excuses under Local Civil Rule 15.1(a), the "standard to grant a motion for leave is liberal" and "there is a presumption in allowing the moving party to amend its pleadings . . . ." *Donovan*, 566 F. Supp. 3d at 229 (internal quotation marks and citations omitted). Leave is "freely give[n] [] when justice so requires." Fed. R. Civ. P. 15(a)(2).

Leave is requested not only in response to Defendant's opposition to the additional claims and newly named parties, but in the event Defendant's pending motion to dismiss is granted on

---

[5] Plaintiffs seek leave to amend (*see* Pls. Opp. at 18 n.7), which Defendant does not oppose. ((ECF No. 72) (the "Reply") at 9-10). Indeed, despite "prejudice to the non-moving party" being the "touchstone for the denial of an amendment" (*Munenzon v. Peters Advisors, LLC*, 553 F. Supp. 3d 187, 209 (D.N.J. 2021) (internal quotation marks and citation omitted)), Defendant does not respond to Plaintiffs' request for leave. (*See, gen.,* Reply). More specifically, Defendant did not attempt to rebut the "presumption in allowing" Plaintiff to "amend [the] pleading[]" with any argument or authority (*see Donovan v. W. R. Berkley Corp.*, 566 F. Supp. 3d 224, 229 (D.N.J. 2021) (citation omitted)), or "show that an unfair disadvantage or deprivation will result by allowing the amendment." *In re Bristol-Myers Squibb Securities Litigation*, 228 F.R.D. 221, 228 (D.N.J. 2005) (citations omitted).

substantive grounds. (Pls.' Opp. at 16 n.4). Relatedly, Plaintiffs acknowledge an error in at least one date alleged in the Second Amended Complaint and "intend to file an errata to delete it" (*Id.* at 30 n.17), which has not taken place. Accordingly, Plaintiffs may file an amended complaint.

However, Plaintiffs are informed that this is the third time they will have filed an amended complaint and request for leave may be denied for "prejudice to the opposition[.]" *Riffin v. New Freedom Borough*, No. 23-1048, 2024 WL 1795770, at *3 (3d Cir. Apr. 25, 2024) (citation omitted). Plaintiffs must "carefully consider the allegations to be placed in a complaint before it is filed" and "leave to amend cannot continually be granted every time" Plaintiffs "glean[] more knowledge." *Id.* at *3 (internal quotation marks, brackets, and citations omitted). Finally, the Court may "consider additional equities, such as judicial economy/burden on the court[]" in deciding a motion to amend. *Cresci v. City of Bayonne*, No. 23-1342, 2024 WL 94099, at *2 (3d Cir. Jan. 9, 2024) (internal quotations marks and footnote omitted).

## V.     CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss (ECF No. 58) is **GRANTED**. Plaintiffs have 30 days to file an amended complaint that is consistent with this Opinion.

DATED: 6/26/2024

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge