**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| VALERIE PALMIERI, *et al.*,<br><br>                     Plaintiffs,<br><br>     v.<br><br>INTERVET, INC. d/b/a MERCK ANIMAL HEALTH,<br><br>                     Defendant. | Civil Action No. 19-22024 (JXN)(AME)<br><br><br>**OPINION & ORDER** |

**NEALS**, District Judge

After fact discovery in this case ended, the parties could not agree on a motion schedule. (Joint Letter at 1, ECF No. 165.) Defendant Intervet, Inc. d/b/a Merck Animal Health ("Defendant") requested that the Court decide summary judgment and class certification at the same time. (*Id.* at 1–4.) Plaintiff Valerie Palmieri ("Plaintiff") requested that the Court decide class certification first and the summary judgment second. (*Id.* at 8–10.) Following oral argument on September 16, 2025, and October 1, 2025, Magistrate Judge Espinosa entered a Scheduling Order prohibiting Defendant from moving for summary judgment until after this Court ruled on class certification. (*See* Order ¶¶ 4, 12, ECF No. 169.) Defendant appealed. (*See* Moving Br., ECF No. 168-1.)

A magistrate judge may decide any non-dispositive pretrial issue. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). This Court hears appeals of non-dispositive magistrate judge orders and reviews only whether the order was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). A ruling is clearly erroneous only if the Court has "the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)

(citation omitted). A ruling is not clearly erroneous "simply because [the reviewing court] is convinced that it would have decided the case differently." *Id.* A ruling is contrary to law "only if the magistrate judge misinterpreted or misapplied governing legal principles." *Jones v. PHH Mortg. Corp.*, 814 F. Supp. 3d 531, 533 (D.N.J. 2026).

Judge Espinosa's scheduling order was neither clearly erroneous nor contrary to law. ***First***, nothing in the record gives the Court a "firm and definite conviction" that Judge Espinosa made a mistake. He reviewed the parties' submissions, heard oral argument, and scheduled the class certification motion at "an early practicable time," Fed. R. Civ. P. 23(c)(1)(A), to "secure the just, speedy, and inexpensive determination of" the action. Fed. R. Civ. P. 1. At most, Defendant cites cases where courts decided summary judgment before class certification. (Def.'s Moving Br. at 17–20.) Those cases do not compel a different result. Judge Espinosa's ruling is not reversible simply because another court would have ruled differently. *Anderson*, 470 U.S. at 573.

***Second***, Judge Espinosa did not act contrary to law. Defendant incorrectly argues that Judge Espinosa misapplied Federal Rules of Civil Procedure[1] 23 and 56 because neither rule "includes any exception to a defendant's right to make a motion for summary judgment after the close of fact discovery." (Moving Br. at 23.) However, Rule 56 plainly provides that "*[u]nless . . . the court orders otherwise*, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b) (emphasis added). Judge Espinosa ordered otherwise, which constituted neither misinterpretation nor misapplication of governing legal principles.

Therefore,

---

[1] "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

**IT IS** on this **24th** day of April 2026

**ORDERED** that Judge Espinosa's Scheduling Order (ECF No. 169) is **AFFIRMED**.

**DATED: 4/24/2026**

_____
JULIEN XAVIER NEALS
United States District Judge